UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND DIVISION

Marcus A. Micolo, Pro-se
Plaintiff,

-v-

Dennis P. Brennan, SR Court Reporter,
Defendant.

Case # _____
CV-07 4901

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y
* NOV 27 2007 *
LONG ISLAND OFFICE

SEYBERT, J.

TOMLINSON, M

## CIVIL RIGHTS COMPLAINT PURSUANT TO 42 USC § 1983

### A. Plaintiff

1. Comes now the plaintiff, Marcus A. Micolo, Pro-se, # 03A3985, who is bringing this civil complaint pursuant to 42 USC § 1983. Plaintiff is presently incarcerated in the N.Y.S.D.O.C.S. and is housed at the Clinton C.F. His mailing address is: P.O. Box 2001, Dannemora, N.Y. 12929.

### B. Jurisdiction

2. Plaintiff is bringing this complaint pursuant to 42 USC § 1983 and is envoking the jurisdiction of this Court as this Court

1 of 8

does enjoy the jurisdiction of this matter.

3. The matters described within this Complaint happened in and around Riverhead Long Island, New York by the defendant, within the jurisdiction of this Court. Plaintiff is suing for over $100,000.00 and is demanding a trial by Jury.

## C. Cause of Action

4. AT ALL TIMES relevant to this Complaint, the defendant violated this plaintiffs U.S. Constitutionally protected rights when in the course of his employment duties, while acting under color of law, failed to accuratly transcribe the trial record of this plaintiff and thus violating his rights to due process under the 14th Amend. and his right to access the Court pursuant to plaintiffs 1st and 14th USCA Amendment(s).

## D. Administrative Remedies

5. AT this time there are no know administrative remedies available to this plaintiff. The violations in this matter transpired in Sept. 2004 and were not discovered to this plaintiff untill Nov. 2005. Plaintiff did file a motion to settle the record with the trial Court. Said motion

was denied and dismissed by the trial Court as Untimely filed. Plaintiff did not appeal that decision and order after researching the matter.

### E. DEFENDANT

6. <u>DENNIS P. BRENNAN</u>, is a Senior Court reporter within the 2nd Dept., He works within the Suffolk County Courthouse stenographing Court testimonies/trial minutes etc. He is employed by the County/state and is being sued in his professional and individual Capacity. He can be served at the Suffolk County Courthouse or/at 200 Center Dr. Riverhead, N.Y. 11901, during his regularly scheduled working hours. His home address is unknown by plaintiff.

### F. STATEMENT OF FACTS
(REGARDING: PEOPLE V. MICOLO, I-2511-01)

7. IN March 2003, From March 17Th - 27Th 2003, the defendant, Dennis P. Brennan was the Court reporter at the trial of This plaintiff, Marcus A. Micolo. This Stenographer defendant was responsible for recording the actual minutes of plaintiff Voir Dire and all Colloques and trial minutes/testimony.

8. Plaintiff was convicted at a jury trial to the charges in his indictment (i.e. Robbery 1° and UUMV 1°). After his conviction, he sought to appeal his matter to the Appellate Division of the 2nd Dept. in Brooklyn N.Y.

9. Plaintiff moved to prosecute his appeal as a poor person and have counsel appointed. In Jan. 2004 the Appellate Div. granted plaintiffs motion and ordered that transcripts of the proceedings be provided.

10. In Sept. 2004, the defendant filed the trial record he produced with the clerk of court in Riverhead County Court.

11. In Jan 2005, Plaintiff's Legal Aid Attorney received the minutes pursuant to the Courts order.

12. After plaintiffs attorney of record, Monroe A. Semble, esq., filed his brief in regards to plaintiffs direct appeal, plaintiff sought leave from the Appellant Div. to file a pro-se Supplemental brief. The court granted the motion.

13. Plaintiff was supplied with a certified

alleged copy of the transcripts. He was supplied with this record in Nov. ~~2004~~ 2005.

14. Apon examining the record, plaintiff realized that the trial record/the record from March 17th-27th 2003, was altered, contained missing minutes and distortions.

15. The defendant did not prepare an accurate transcript of the proceedings of this plaintiff from March 17th-27th 2003. Vital minutes from March 19th & 20th 2003 were missing.

16. The missing minutes in this matter and the altered transcripts of this matter, and the distortions in the record in this matter, are of no coincidence and the minutes that are missing were delibertly omitted from the record and the record was altered in a fashion to mislead and the distortion(s) in certain parts of the record, were and are believed to be Countculated.

17. The missing minutes of the record from March 17th-27th 2003, are tantamount to a violation of this plaintiffs USCA Amend. 1 and 14 for Due process and access to the Court. These missing minutes have caused major distress, depression, anxiety and grief to this plaintiff among other things.

18. Plaintiff was disadvantaged with regards to the appeal process within his Criminal Case (People v. Micolo, I-2511-01) due to the missing minutes. Had them minutes been in the record, the result of plaintiffs direct appeal would have been different. Plaintiffs appointed Counsel could have cited the minutes for the Appellant Courts Considerations, and these minutes would have resulted in a favorable decision.

19. The defendants actions and inactions within this case, were delibert and countculated. There is no way in the universe that only minutes favorable to this plaintiff were omitted from the record on ~~purpose~~ accident. And there is no excuse that the record should have been altered and in certain places, distorted.

### G. CONCLUSION

20. The defendants actions and inactions denied this plaintiff Due Process and access to the Court when he failed, whether by negligents, gross negligents or whatever, to accuratly transcribe plaintiffs Court record from between March 17th - 27th 2003 as a whole.

21. The defendants omissions are in no

way coincidental. His actions and inactions were carefully countculated in order to impair this plaintiff on appeal(s).

22. The defendant certified that the record was an accurate transcript, and the record was not accurate.

23. The defendants actions and inactions show a callous disregard for all the rights and life of this plaintiff and adaquate justice must be served.

## H. RELIEF SOUGHT

24. For reason of the foregoing, the plaintiff is seeking the following relief:

a) Injunction relief that record be transcribed accuratly;

b) Declaratory Judgement that the plaintiffs rights were violated by the defendant;

c) In-Junction relief that this plaintiff be afforded an accurate transcript of the trial proceedings and his right to appeal his criminal conviction, be granted to him to the extent that his appeal process be renewed;

...

D) That the defendant be fined according to the law; and any and all relief that this Court deems just, fair and proper.

E) That the defendant be decertified as a Court reporter;

F) Monentary damages in the sum of $1,000,000.00

G) Compensatory Damages in the amount of $5,000,000.00

H) Punitive Damages in the Amount of $5,000,000.00

I) All Costs to bring this action Including Attorney Fees.

For the Forgoing reasons, plaintiff is Seeking Judgement against the defendant as aforementioned.

Done this 20th day of Nov. 2007.

Signed, [signature]
Marcus A. Micolo
03A3985
Clinton C.F.
P.O. Box 2001
Dannemora, N.Y. 12929

### certification

I, Marcus A. Micolo, do hereby declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge, rememberance and beliefs.

8 of 8

Signed, [signature]

UNITED STATES DISTRICT COURT ORIG.
EASTERN DISTRICT OF NEW YORK
LONG ISLAND DIVISION

Marcus A. Micolo, Pro-se   case #_____
         Plaintiff,

-v-

Dennis P. Brennan, Sr Court Reporter,
         Defendant.

---

## AFFIDAVIT IN SUPPORT OF PLAINTIFFS CIVIL COMPLAINT PURSUANT TO 42 USC § 1983

I, Marcus A. Micolo, am hereby making this affidavit in support of my civil complaint pursuant to 42 USC §1983.

1) I went to trial before the County Court Judge C. Randell Hinrichs from March 17th-27th 2003. This includes all voir dire, a mini-hearing, colloque and trial testimonies. This was in case; People v. Micolo, I-2511-01.

2) The Court reporter in that case was Dennis P. Brennan.

3) In Sept. 2004 he certified an alleged accurate transcript of the

1 of 3

Minutes from March 17th-27th 2003.

4) I received a copy of the transcript in Nov. 2005 pursuant to the Court (Appellant Div. 2nd Dept.) order regarding my motion for leave to file a supplemental brief pro-se. The transcript was returned to the Appeals Court per the Court order upon filing my pro-se brief.

5) I know what transpired within my trial/minutes of March 17-27th 2003. And upon receiving my minutes, realized that vital minutes were missing in the minutes which I believe are favorable to me and would have yielded a favorable decision on appeal.

6) I am certain that minutes are missing and can identify their proximities. I did not specify them in my complaint as to their proximities, because I dont feel that is necessary at this time. I do plan on revealing them at the proper time however.

7) I do not believe that the actions and inactions as described in my complaint, are accidental as all minutes that are missing, altered, and distorted, are vital in my regard.

8) I believe my appeal was impaired due to the missing minutes.

9) I believe my appeal was also impaired because of the altered and distorted minutes.

10) I have been through much grief, anxiety, depression, stress and anger over this matter.

11) Nothing can be given to me that is going to remove what I suffered. I am bringing my action in good faith seeking redress because of injustices I suffered and am suffering at the hands of the defendant who enjoys his rights while disregarding other individuals.

Done this 20th day of Nov. 2007.

Signed,
Marcus A. Micolo
03A3985
Clinton C.F.
P.O. Box 2001
Dannemora, N.Y. 12929

<u>Declaration/Certification</u>

I, Marcus A. Micolo, do hereby declare under penalty of perjury that the forgoing is true to the best of my knowledge, remembrance and belief. Signed

3 of 3